## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD G. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-988-GMS |
| | ) | |
| HONORABLE JUDGE LEONARD P. STARK and THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

Petitioner Ronald G. Johnson ("Johnson") filed this petition for a writ of mandamus for this Court to order the Honorable Leonard P. Stark to "serve all the parties" of Johnson's writs and then "to resign" from all of Johnson's lawsuits, complaints, and writs, and to "order another judge to immediately address the merits" of Johnson's complaints. (D.I. 2) Johnson is an inmate, is housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He appears *pro se.* He did not pay the filing fee or move for leave to proceed *in forma pauperis*.

## I. IN FORMA PAUPERIS

Johnson recently filed a motion to proceed in forma pauperis in a case filed the same day as the instant case. (*See* Civ. No. 13-946-GMS, at D.I. 1.) The court considers the motion and grants Johnson in forma pauper status, as he has made the requisite showing of indigence. The Court finds that the petitioner has not sought "to evade the [Prison Litigation Reform Act ("PLRA") ] by masking as a mandamus petition a paper otherwise subject to the Act." *Madden*

*v. Myers*, 102 F.3d 74, 78 (3d Cir. 1996). Therefore, the requirements of the Prison Litigation Reform Act ("PLRA") will not be applied in the present proceeding.[1]

## II. WRIT OF MANDAMUS

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

Johnson has not shown any grounds for mandamus relief. Johnson has several cases pending in this Court. The District Court's docket reflects that service has not taken place in one pending case, Civ. No. 10-826-LPS, *Johnson v. Morgan*, due to Johnson's inaction in complying with court orders. Service has taken place in another pending case, Civ. No. 10-1149-LPS, *Johnson v. Clendanial*. Johnson's other cases were recently filed beginning in April of this year, as follows: Civ. No. 13-578-LPS, *Johnson v. Morgan*, was filed on April 11, 2013; Civ. No. 13-

---

[1] Petitioner, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Johnson v. U.S. Probation Office*, 195 F. App'x 63 (3d Cir. Sept. 13, 2006); *Johnson v. Morgan*, Civ. No. 10-1012-LPS (D. Del. May 26, 2011); *Johnson v. One Unknown Female Officer*, Civ. No. 10-718-LPS (D. Del. Mar. 29, 2011); *Johnson v. Bureau of Prisons*, Civ. No. 10-934-LPS (D. Del. Mar. 28, 2011); and *Johnson v. City of Wilmington Police Dep't*, Civ. No. 93-128-LON (Mar. 9, 1993). Therefore, under the PLRA, Petitioner may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g).

817-LPS, *Johnson v. Mental Health Medical Staff*, was filed on May 8, 2013; Civ. No. 13-861-LPS, *Johnson v. Morgan*, was filed on May 17, 2013; Civ. No. 13-946-GMS, *Johnson v. Superior Court of New Castle County*, was filed on May 28, 2013, Civ. No. 13-949-GMS, *Johnson v. Edinger*, was filed on May 29, 2013; and Civ. Nos. 13-980-GMS, *Johnson v. Howard R. Young Correctional Institution*, and the instant petition were filed on June 3, 2013. Given the history of the older cases and the very recent filings of the newer cases, Johnson has not shown undue delay in the proceedings.

### III. SUA SPONTE DISMISSAL

The court has authority to dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B) which provides for *sua sponte* dismissal of actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. As discussed above, Johnson has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the petition pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. CONCLUSION

For the above reasons the court will grant Johnson leave to proceed in forma pauperis and will dismiss the petition for writ of mandamus for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Johnson has not shown that he is entitled to relief. Amendment is futile.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 5, 2013
Wilmington, Delaware